UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                   Chapter 11

    150 Fulton Property, Inc.                          Case No.  14-74670

                            Debtor.                           **Local Rule Statement**
----------------------------------------------------------x
STATE OF NEW YORK       )
                           ) ss:
COUNTY OF NEW YORK  )

        Michael Berg, as Vice President, deposes and says under penalty of perjury, as follows:

        1.      I am submitting this affidavit pursuant to the local rules of this Court in support of the Debtor's Chapter 11 filing.

        2.      On October 15, 2014, the Debtor filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code").

        3.      The Debtor is the prior owner of the real property located at 150 Fulton Street, Farmingdale, New York 11735 (the "Property").  The Property is improved by a gas station, car wash and retail store.  The Debtor does not have an appraisal, but estimates that the Property value is $2,000,000 based upon the Debtor's knowledge of the market.

        4.      The Debtor purchased the Property on June I, 2008.

        5.      NewBank USA financed the purchase with first and second mortgages totaling $2,000,000.

        6.      The County of Nassau asserts that the Debtor failed to pay real estate taxes for the 2010-2011 period in the amount of approximately $400,000.

7. On February 21, 2012 the County sold tax lien certificates to Front Seat LLC.

8. The Debtor was entitled to redeem the Property before the County transferred title to Front Seat for non-payment. Front Seat was required to give the Debtor notice of its right to redeem.

9. Front Seat claims that it attempted to serve a notice to redeem to the Debtor by certified mail, return receipt requested, at 20 Gwynne Road, Melville, New York 11747 on November 22, 2013. But the notice was returned "unclaimed" and Front Seat made not further attempt to serve.

10. Nassau County Clerk and Nassau County Surrogate's Court records both list the Debtor's address as 150 Fulton Street. Farmingdale. New York 11735. Front Seat did not attempt service on the Debtor at that address.

11. Nonetheless, in its tax-deed application to Nassau County, Samuel A. Habibian, Front Seat's agent stated that:

> I am the agent for Frontseat LLC and holder of the tax sale certificate numbers 1338 and 1339 of 2011 issued by the County Treasurer in the annual tax sale held February, 2012. I have searched the records in the County Clerk's Office, the County Treasurer's Office, the Surrogate's Court of the County of Nassau , as well as the Tax Receiver's Office in the Town, City and/or Village where the property is located. I have been unable to find from such search any person, other than the names listed in the notices served in compliance with Section 5-51.0 of the Nassau County Administrative Code, who could be characterized as an actual occupant, owner in fee, registered agent of the owner, attorney-in-fact whose power of attorney is duly recorded ... or any other person having a lien, claim or interest appearing of record on the premises affected by the sale. If there is an actual occupant of the parcel served, I further verify that he has been named and served with the notice to redeem. (Highlighting added)

12. On May 1, 2014, Beaumont A. Jefferson, as Nassau County Treasurer, conveyed the Property to Front Seat.

13. The prejudice to creditors in obvious. NewBank's mortgage rights were terminated.

14. On June 20, 2014 the Debtor filed a complaint in the Nassau County Supreme Court alleging that Front Seat's search for the Debtor's address was insufficient under the Nassau County Administrative Code and violated the Debtor's statutory and constitutional rights by taking the Debtor's property without due process.

15. In addition I have been informed that the Debtor's rights under the Nassau County Administrative Code, the Debtor is entitled to a fraudulent conveyance recovery under the Bankruptcy Code. *E.g. County of Clinton v Warehouse at Van Buren Street, Inc.* 496 B.R. 278 (N.D.N.Y. 2013); *In re Murphy* 331 B.R. 107 (Bankr. S.D.N.Y. 2005).

16. NewBank USA ("Mortgagee") asserts a first lien on any recovery Debtor may receive from any such litigation the amount of approximately $1,787,006 as of the filing date.

17. The Debtor does not presently know the scope of its other claims. The Debtor understands that Front Seat is probably entitled to some or all of the real estate tax amounts that it was due under the tax lien certificates. The Debtor's former tenants may have claims, and additional real estate tax may have accrued. Those amounts are unknown and therefore show as $0.00 on the Schedules.

18. The Debtor filed this petition for the purpose of unwinding the Property transfer to Front Seat and then selling or refinancing the Property so that creditors can be paid and interest holders recover the excess, if any.

19. The Debtor anticipates litigation expenses only in the post-petition period.

20. I have been informed that it is unusual for a Debtor without an operating business to maintain a Chapter 11 case. But I have also been informed that the weight of authority holds that it is entirely permissible under the Bankruptcy Code. *E.g. Toibb v. Radloff*, 501 U.S. 157, 111 S. Ct. 2197 (1991); *In re The 1031 Tax Group, LLC*, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007). Litigation to recover the Property is the only way to pay the Debtor's creditors. I have been informed that fraudulent conveyance litigation under the Bankruptcy Code, coupled with the Debtor's claims under the Administrative Code is the best means to accomplish that end.

21. The Debtor has not previously filed a Chapter 11 Petition.

22. The schedule of twenty (20) largest non-insider unsecured creditors is annexed to the petition.

23. No shares of stock, debentures or other securities of either of the Debtors or any subsidiary of the Debtors are publicly held.

24. I will be responsible for the Debtor's management during these cases.

Dated: New York, New York
      November 12, 2014

                                s/Michael Berg, as Vice President